## Commonwealth v. Robbins

*Helen M. Koschoff,* assistant district attorney, for the Commonwealth.
*Robert Robbins,* pro se.

MYERS, *P.J.,* July 2, 1985—Defendant was found guilty of overtime parking by a district justice. Defendant appealed to this court. A hearing de novo was held, and the issue is now ready for disposition.

### FACTUAL BACKGROUND

On Monday, June 18, 1984, defendant, Robert Robbins, a disabled person, was parked at meter No.

43 on Second (Main) Street, Bloomsburg, Columbia County, Pa. He was issued a citation at 11:37 a.m. for overtime parking in violation of Bloomsburg's Town Ordinance, Chapter 15, Part 4, §52.*

In his defense, defendant cites 75 Pa. C.S. §3354(d)(1) and argues that since he is disabled, he is relieved of any liability for overtime parking for a period of 60 minutes in excess of the legal parking period.

## DISCUSSION

Bloomsburg's Town Ordinance Chapter 15, Part 4, §52 entitled, "Time Limit in Parking Zones Certain Days and Hours" reads in relevant part:

"It shall be unlawful for any person to park a vehicle or to allow the same to remain parked for longer than two (2) hours in a two-hour parking meter zone . . . at any time between the hours of nine (9) a.m. and six (6) p.m. Monday through Thursday and Saturday . . . upon any of the streets herein established as parking meter zones."

The preceding §51 establishes parking meter zones and designates Second (Main) Street as one of those zones.

Section 3354(d)(1) of the Vehicle Code 75 Pa. C.S. §3354 (d)(1) pertains to the parking of handicapped persons or disabled veterans. Said section reads in relevant part:

"When a motor vehicle bearing registration plates issued to handicapped persons or disabled veterans

---

*Defendant was cited for parking beyond the legal limit (§52). Defendant was not cited for overtime parking (Ch. 15, Part 4, §56) which relates to failure to deposit the proper coins in the parking meter, and any issues raised by §56 are not before this court for disposition.

as prescribed in this title as being operated by or for the transportation of a handicapped person or disabled veteran, the driver shall be relieved of any liability for parking for a period of sixty (60) minutes in excess of the legal parking period permitted by local authorities, except where local ordinances or police regulations provide for the accommodation of heavy traffic during morning, afternoon, or evening hours."

In the present case, defendant was parked on Second (Main) Street, on Monday, June 18, 1984, at 11:37 a.m. when the citation was issued. He was parked in a two-hour parking meter zone at the time.

It is clear that defendant could only have been parked at the meter within the hours of nine a.m. to six p.m. for approximately two and one half hours since the citation was issued at 11:37 a.m. However, according to section 3354(d)(1), a handicapped person is granted an extra 60 minutes in excess of the legal parking period permitted by local authorities. Therefore, he may be legally parked at the subject meter within the hours of nine a.m. to six p.m. for three hours. Since the citation issued to him was issued at 11:37 a.m., he could not have been parked at the subject meter within the hours of nine a.m. and six p.m. for three hours. Therefore, the Commonwealth has failed to sustain its burden to show that defendant exceeded the parking zone time limit. Consequently, we find defendant not guilty.

## ORDER OF COURT

And now, this July 2, 1985, after hearing held, we find defendant not guilty. Costs to be paid by the County of Columbia.